**Ray E. PARKER, Jr. et al.**

v.

**George L. BOOTH.**

Supreme Judicial Court of Maine.

Argued June 14, 1982.

Decided June 23, 1982.

Law Offices of Roger S. Golin, Paul A. Weeks (orally), Bath, for plaintiffs.

George M. Carlton, Jr., Law Offices, Erna J. Koch (orally), Bath, for defendant.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

MEMORANDUM DECISION.

In this suit tried in the District Court (Bath), plaintiffs sought damages for defendant's alleged failure to complete in a workmanlike manner the job of renovating plaintiffs' kitchen, the contract price for which work was $2,500. After hearing extensive evidence, the District Court judge found that defendant had committed a breach of contract and that defendant was entitled to be paid a total of only $1,640 for his work. The District Court thereupon entered judgment for plaintiffs against de-

fendant in the amount of $272, representing the amount by which they had overpaid him.

On plaintiffs' appeal, the Superior Court (Sagadahoc County) affirmed. On further appeal of that judgment for $272 to the Law Court, we also affirm.

The District Court properly applied as the measure of plaintiff's damages for Booth's defective performance under his kitchen renovation contract the measure established in *Parsons v. Beaulieu*, Me., 429 A.2d 214, 217 (1981), namely, "the difference in value between the value of the performance contracted for and the value of the performance actually rendered." *See also Wimmer v. Down East Properties, Inc.*, Me., 406 A.2d 88, 92 (1979) ("the standard measure of damages for defective performance under a construction contract"). Plaintiffs at all times bore the burden of proving the amount of the damages to be recovered by them, and we cannot say that the evidence compelled the District Court to award them damages greater than the amount reflected in the judgment it entered against defendant. On the fact question of damages, plaintiffs simply failed to persuade the factfinder by a preponderance of the evidence that they should recover the greater sum that they expended to have the kitchen work redone by others. *See Dairy Farm Leasing Co. v. Hartley*, Me., 395 A.2d 1135, 1138 (1978).

The entry must be:

Judgment affirmed.

All concurring.